**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| ESTECH SYSTEMS, INC., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Case No. 2:20-cv-00123-JRG-RSP |
| | § | **LEAD CASE** |
| TARGET CORPORATION, | § | |
| | § | |
| *Defendant.* | § | |
| | § | |
| | § | |
| WELLS FARGO & COMPANY, *et al.* | § | Case No. 2:20-cv-00128-JRG-RSP |
| | § | **MEMBER CASE** |
| *Defendants.* | § | |

## <u>MEMORANDUM ORDER</u>

Before the Court is the Motion for Leave to Amend Infringement Contentions, filed by Plaintiff Estech Systems, Inc. Dkt. No. 47. After consideration, the Court **GRANTS** Estech's Motion to Amend.

## I.   BACKGROUND

Estech is a "leading U.S.-based provider of end-to-end business phone solutions." Dkt. No. 1 ("Complaint") at 2 in Case No. 2:20-cv-00128-JRG-RSP.[1] Defendants Wells Fargo & Company and Wells Fargo Bank, N.A (collectively, "Wells Fargo") are part of a "national banking association." *Id.* at 1–2. This apparently includes providing and/or using telecommunications equipment at Wells Fargo locations.

On April 28, 2020, Estech filed a 19-page complaint, suing Wells Fargo for infringement of U.S. Patent Nos. 8,391,298 (the "'298 patent"), 7,068,684 (the "'684 patent"), 6,067,349 (the

---

[1] All references to docket entries are to Case No. 2:20-cv-00123, unless otherwise indicated. The action against Wells Fargo was originally filed as Case No. 2:20-cv-00128. The Wells Fargo case was subsequently consolidated with several other cases under Case No. 2:20-cv-00123. *See* Dkt. No. 13.

"'349 patent"), and 7,123,699 (the "'699 patent") (collectively, the "Asserted Patents"). *Id*. at. 3. The Asserted Patents are generally directed to systems and methods for providing robust, feature-rich communications systems. Estech contends that Wells Fargo's use of telecommunications equipment infringes the Asserted Patents.

Estech served its infringement contentions in early July pursuant to Local Patent Rule ("P.R.") 3-1 on six groups of defendants, including Wells Fargo. *See* Dkt. No. 38. While Estech charted all the Asserted Patents for the other defendants, its infringement contentions for Wells Fargo did not include a chart for the '349 patent. Estech argues this was an inadvertent omission—one it did not learn of until July 14, 2020. It seeks to correct the alleged mistake through an amendment. Estech sent Wells Fargo a copy of its proposed amended infringement contentions, with the sole change being the addition of the contentions for the '349 patent, on July 16, 2020.

On July 17, 2020, the parties met and conferred, and Wells Fargo concluded that it opposed the amended infringement contentions. It argues the amendment is futile in view of its pending Motion to Dismiss, Dkt. No. 22, and that Estech has not established good cause for the amendment, in part because Wells Fargo believes the omission was not accidental despite Estech's assertion that it was. Due to Wells Fargo's opposition, Estech filed its Motion to Amend on July 17, 2020.

## II.     LEGAL STANDARD

"[A] party claiming patent infringement must serve on all parties" infringement contentions at the outset of the case. P.R. 3-1. "Amendment or supplementation of any Infringement Contentions or Invalidity Contentions . . . may be made only by order of the Court, which shall be entered only upon a showing of good cause." P.R. 3-6(b). "Good cause," according to the Federal Circuit, "requires a showing of diligence." *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467

F.3d 1355, 1366 (Fed. Cir. 2006) (citation omitted). "The burden is on the movant to establish

diligence . . . ." Id. (citing *Genentech, Inc. v. Amgen, Inc.*, 289 F.3d 761, 774 (Fed. Cir. 2002)).

To determine whether the patentee has shown good cause to amend its infringement

contentions, the court considers "(1) the explanation for the party's failure to meet the deadline,

(2) the importance of what the court is excluding, (3) the potential prejudice if the court allows

that thing that would be excluded, and (4) the availability of a continuance to cure such prejudice."

*IDB Ventures, LLC v. Charlotte Russe Holdings, Inc.*, 360 F. Supp. 3d 541, 549 (E.D. Tex. 2018)

(Bryson, J.) (quoting *Keranos, LLC v. Silicon Storage Tech., Inc.*, 797 F.3d 1025, 1035 (Fed. Cir.

2015)) (citations omitted); *see also S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d

533, 536 (5th Cir. 2003).

## III.    ANALYSIS

After considering the relevant factors, good cause exists to allow Estech to amend its

infringement contentions to add its contentions for the '349 patent.

### a.  Explanation

Estech argues that its "[c]ounsel's omission of the '349 patent from the infringement

contentions on July 6 was inadvertent, and Estech was diligent in fixing the mistake." Dkt. No. 47

at 3. It explains that the failure to include the chart was a simple oversight and mistake. Further, it

contends it was diligent in fixing the mistake as Wells Fargo received the chart for the '349 patent

less than 48 hours after Estech was first notified of the omission and only 10 days after it served

Wells Fargo with the original infringement contentions.

Wells Fargo counters that, first, the amendment is futile due to Wells Fargo's Motion to

Dismiss and the Local Patent Rules' disclosure requirements. Second, Wells Fargo argues that

"Estech's complete exclusion of the '349 patent from its infringement contentions could not have

been inadvertent." Dkt. No. 61 at 9. It apparently contends that because the '349 patent encompasses a large part of Estech's case, leaving it out of the infringement contentions could not be mere inadvertence. It does not delve much deeper into this theory.

As an initial matter, Wells Fargo's Motion to Dismiss has not been granted. Therefore, Wells Fargo's futility arguments carry little weight. In addition, while this Court has considered futility arguments before on a motion to amend, the situation here suggests that Wells Fargo's arguments would be better suited at a later point. *See IDB Ventures,* 360 F. Supp. 3d at 554 (rejecting a futility argument because "[i]n the context of this case, that question is more suitable for determination either in summary judgment proceedings or at trial.").

Furthermore, Wells Fargo does not persuasively show that Estech's omission was anything but inadvertent.  Granted, the '349 patent is a large part of Estech's case. However, that alone does not mean its omission was intentional and the facts suggest otherwise. Estech included the '349 patent in its complaint. Complaint at 3. Estech included a chart for the '349 patent in its infringement contentions for all the other defendants. Estech acted quickly after learning the '349 patent was not in its Wells Fargo infringement contentions. Nothing suggests there was a material change between when it filed its original contentions and when it filed the Motion to Amend that caused Estech to change its strategy and want to suddenly include the '349 patent. Finally, Estech repeatedly asserted that the omission was unintentional in the Motion to Amend. If what Wells Fargo says is true, it would mean Estech has lied to the Court—a serious allegation for which no substantial basis has been provided. In sum, the totality of the evidence suggests this was an inadvertent mistake. Therefore, Estech has an understandable, albeit unfortunate, explanation.

However, to meet its burden, Estech must also show that it was diligent. It can. It apparently learned of this omission on July 14, 2020. On July 16, it sent Wells Fargo a copy of its proposed

amended infringement contentions. In an attempt to avoid wasting the Court's time, it asked to meet and confer with Wells Fargo in the hope that Wells Fargo would agree to the amendment. The parties conducted this meeting on July 17. Wells Fargo explained to Estech that it opposed the amendment, requiring Estech to bring this issue to the Court's attention. It did so that same day. Thus, Estech filed the Motion to Amend on July 17, only 3 days after learning of the omission and about 10 days after filing its initial infringement contentions. In sum, Estech has a reasonable explanation and was diligent. Thus, this factor weighs in favor of allowing the amendment.

### b. Importance

Estech argues the amendment is important because it concerns one of the four patents asserted in this case. It argues that denying the motion would be unnecessarily costly and inefficient since Estech would have to file a new case for this one patent. It contends this concern is magnified since the patent is also asserted against other defendants so that removing the '349 patent from this case against Wells Fargo would create parallel proceedings on a single patent and could be detrimental to the Court's docket, requiring separate and duplicative proceedings. Wells Fargo counters that Estech's proposed amendment is futile, and therefore, cannot be important.

As discussed above, Wells Fargo's futility argument fails. Beyond that, Estech is correct that the amendment is important since its denial would result in the '349 patent, one of the four Asserted Patents, being dropped from the case against Wells Fargo. This importance is highlighted by the fact that Estech has asserted the '349 patent against other defendants Thus, this factor weighs in favor of allowing the amendment.

### c. Prejudice

Estech argues there is no prejudice to Wells Fargo in allowing the amendment because this case is still in its infancy. Wells Fargo argues it is prejudiced for two reasons. First, it contends

Estech has not complied with the disclosure requirements. Second, Wells Fargo argues it drafted its reply to the Motion to Dismiss under the assumption that Estech had abandoned the '349 patent.

As to Wells Fargo's second point, it discussed the '349 patent in its Motion to Dismiss. *See e.g.*, Dkt. No. 22 at 11–12. Since it cannot introduce new arguments in its reply, any prejudice would be minimal. It certainly does not outweigh the harm Estech would suffer if it was unable to amend its infringement contentions to include the '349 patent. Essentially, Wells Fargo has not shown any real prejudice to it resulting from the amendment.

Further, Estech is correct that this case is in its infancy. Estech provided Wells Fargo its proposed amended infringement contentions, including a chart for the '349 patent, on July 16, only 10 days after serving its original contentions. Thus, Wells Fargo had the proposed amendment before the July 20 Initial Scheduling Conference and the August 31 deadline for invalidity contentions. Wells Fargo may argue that it could not rely on the amendment since it was only a proposal. However, Estech attempted to resolve the issue in early July. Wells Fargo opposed the motion, which it was certainly allowed to do. Yet, it cannot now claim that it is prejudiced by the inherent delay resulting from its opposition. Regardless, Wells Fargo still has weeks before its invalidity contentions are due, further minimizing any potential harm.

### d.  Continuance

Estech argues that, if needed, the parties can negotiate a schedule to account for Wells Fargo's late receipt of the infringement contentions for the '349 patent. Wells Fargo repeats its futility arguments in arguing that a continuance will not ameliorate the prejudice it will suffer if the '349 patent is added back to the contentions.  In any event, neither party believes a continuance is needed.

In sum, all four factors weigh in favor of allowing the amendment.

## IV.    CONCLUSION

After consideration, the Court **GRANTS** Estech's Motion to Amend. Dkt. No. 47.

**SIGNED this 20th day of August, 2020.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE